UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF: | CASE NUMBER |
| **Re-Cycle, Inc.** | **14-10739**<br>Section "A" |
| DEBTOR | CHAPTER 11 |

## OBJECTION TO MOTION FOR APPROVAL OF ASSUMPTION OF EXECUTORY CONTRACT

**NOW INTO COURT**, through undersigned counsel, comes Jaraja, LLC, creditor in this case, and the lessor under a pre-petition Lease of Commercial Property between Jaraja, LLC as lessor and the debtor, Re-Cycle, Inc.(hereafter "the debtor"), William B. Beard, Mike Commiskey, and Craig Condon, as tenants, signed on April 4, 2013, to oppose the Motion filed by the debtor seeking to assume the lease, for the following reasons, to-wit.

1.

A Lease of Commercial Property between Jaraja, LLC, lessor and Re-Cycle, Inc., William B. Beard, Mike Commiskey, and Craig Condon was signed on April 4, 2013, for a tract of land and metal building located at 4914 Paris Road, Chalmette, LA (hereafter "the property").

2.

The terms of the lease provided for a term of one year, with termination on the last day of March, 2014; monthly rent of $3,900.00 ($3,700.00 if paid on the first of each month; $3,900.00 if paid between the 1st and the 7th of the month; and $4,100.00 if paid after the 7th of the month); and payment of a royalty of .85 per ton of concrete, crushed or not, that leaves the premises.

3.

The lease also provided for the lessees to maintain liability insurance of $1,000,000.00 on

the property.

4.

The lease provided that "unless, more than thirty (30) days prior to the end of the term hereof, either of the parties gives to the other party notice of his intentions to terminate this lease at the end of the term provided herein, this lease shall automatically be extended for an additional twelve (12) month period. . . . See the lease itself, attached hereto as Exhibit "A" at ll. 60-62. However, the amendment to this notice provision is altered at ll. 128-132 to provide for written notice of intention to terminate not less than 90 days before the end of the lease.

5.

At ll. 102-103 of the lease, any notices may be served personally on the Lessee or by mail addressed to the Lessee at the leased premises.

6.

Upon termination of the lease, the Lessees assumed liability of the construction debris and concrete on the property, as well as the obligation to remove same prior to termination with the property leveled and grades as provided. See ll. 120-127.

7.

On September 3rd, 2013, Craig Condon, a member of the debtor, executed a "Designation of Authorized Agent/Attorney-in-Fact" assuming the capacity to receive notices under the lease. See attached Exhibit "B."

8.

On September 19, 2013, Jaraja, LLC served notice at the leased premises upon Craig Condon and William Beard, both members of the debtor, of its intention not to renew the lease at the end of

its term, the last day of March, 2014.  Mr. Condon and Mr. Beard signed a copy of the notice provided to them.  See attached Exhibit "C."

9.

Although the lease was terminated at the end of March, 2014 on its own terms pursuant to notice given under the terms of the lease more than ninety days before the last day of the lease, this bankruptcy case was filed on March 30, 2014, and the debtor has attempted to pay the April 1, 2014 rent with a check dated March 31, 2014, in the amount of $3,700.00.  See attached Exhibit "D." This check is drawn upon the debtor's pre-petition bank account and has not been authorized by court order; wherefore, undersigned counsel has returned the check to debtor's counsel.

10.

Jaraja, LLC issued a Notice to Vacate, independent of the notice not to renew the lease on November 12, 2013.  The debtor had not been paying the part of the rent for tonnage of concrete removed from the premises.  Through counsel, the tenants brought an appeal of the eviction in the Thirty Fourth JDC for the Parish of St. Bernard.  See the Notice to Vacate and Appeal, attached *in globo* as Exhibit "E."  Ultimately, eviction was stayed while William Tagg, one of the debtor's members, turned over to Jaraja, LLC the "tickets" representing the tonnage removed from the premises so that Jaraja, LLC could perform its accounting of what was owed, at least for the period of time covered by the "tickets."

11.

Jaraja, LLC did perform an accounting per Exhibit "F" attached, showing that $5,885.20 was owed for the period covered by the "tickets," although there were missing "tickets" as well.  The accounting was provided to Mr. Tagg, but the debtor only paid $694.45 on January 15, 2014, toward

this balance, leaving a balance due of $5,191.75.

12.

The debtor failed to keep the required insurance on the property. It didn't obtain the insurance until June 4, 2013, after which the coverage was cancelled on August 29, 2013. The debtor then replaced the insurance from September 20, 2014, through January 15, 2014, when it was cancelled again. According to Timothy Clements of Clements Insurance Services, LLC, from whom the insurance was obtained, the property is presently uninsured.

13.

Jaraja, LLC is disenchanted with the debtor as a tenant and objects to assumption of the lease by the debtor because it had decided as of September, 2013 not to renew with this tenant. The lease was therefore terminated under its own terms and pursuant to proper notice, pre-petition, and consequently, **the debtor cannot assume it as an unexpired lease under 11 U.S.C. §365(a)**. **It is an expired lease.** The lease expired the day after the bankruptcy filing. For this reason, the Court should deny the debtor's Motion.

14.

Alternatively, the debtor must cure all defaults under the lease to assume it under 11 U.S.C. §365(b)(1)(A) and provide adequate assurance of future performance under the lease under 11 U.S.C. §365(b)(1)(C). Here the debtor has multiple defaults: a) it is behind on the tonnage payments from March 14, 2014 forward; b) it owes balance due of $5,191.75 on the 2013 tonnage never paid; c) it doesn't have the required insurance; and d) it hasn't paid the April, 2014 rent of $3,700.00 (now $4,100.00 as it is after the 7th of the month) because it tendered a check that was impermissible for the debtor to give or for the lessor to accept.

**WHEREFORE** Jaraja, LLC prays that after due proceedings the Court deny the debtor's Motion; and for such other and further relief as is just.

>Respectfully submitted,
>
>**CLAUDE C. LIGHTFOOT, JR. P.C.**
>
>By: _____
>**Claude C. Lightfoot, Jr.** (17989)
>650 Poydras Street
>Suite 1010
>New Orleans, LA 70130
>PH: (504) 799-2565
>Email: clightfoot@claudelightfoot.com
>
>*Counsel for Jaraja, LLC*

## CERTIFICATE OF SERVICE

    The undersigned does hereby certify that a copy of this Objection has been served via the LAEB CM/ECF system on those parties requesting notice on April 15, 2014.

                      **CLAUDE C. LIGHTFOOT, JR. P.C.**

By: _____
      **Claude C. Lightfoot, Jr.** (17989)
      650 Poydras Street
      Suite 1010
      New Orleans, LA 70130
      PH: (504) 799-2565
      Email: clightfoot@claudelightfoot.com